UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| GREENWICH INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-v-<br><br>MEDICAL MUTUAL INSURANCE COMPANY OF NORTH CAROLINA,<br><br>Defendant. | NO. 5:14-cv-295<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Greenwich Insurance Company ("Greenwich") brings this action for declaratory judgment pursuant to 28 U.S.C. § 1332 and and 2202 against Medical Mutual Insurance Company of North Carolina ("Medical Mutual"). Greenwich seeks a determination that Private Company Reimbursement Insurance Policy No. ELU128424-13 (the "D&O Policy"), issued by Greenwich to Medical Mutual, does not provide coverage for the claims asserted against Medical Mutual in connection with a lawsuit captioned *Arleen K. Thom v. Medical Mutual Insurance Co. of North Carolina*, No. 13-CVS-8573 (N.C. Super. Ct.) (the "Thom Action"). In support of the Complaint, Greenwich alleges as follows:

## NATURE OF ACTION

1. This is an action by Greenwich for a declaratory judgment concerning its rights and obligations under a policy of directors and officers liability insurance issued to Medical Mutual.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between citizens of different states. Greenwich seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a). A substantial part of the events giving rise to this dispute occurred in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

4. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k) and North Carolina General Statute §§ 1-75.4 and 1-79 as Defendant is located in North Carolina.

**PARTIES**

5. Plaintiff Greenwich Insurance Company is a corporation engaged in the business of providing liability and property insurance. Greenwich is organized and exists pursuant to the laws of the state of Delaware with its principal place of business in the State of Connecticut.

6. On information and belief, Defendant Medical Mutual Insurance Company of North Carolina is a corporation organized under the laws of the State of North Carolina and at all relevant times maintained its principal place of business in Raleigh, North Carolina. It is licensed by the North Carolina Department of Insurance to conduct its insurance business in North Carolina, which includes issuing medical malpractice liability insurance policies to physicians, hospitals, and other medical providers throughout North Carolina.

## FACTUAL ALLEGATIONS

**A. The Directors & Officers Liability Insurance Policy**

7. Greenwich issued the D&O Policy to Medical Mutual for the Policy Period of January 1, 2013 to January 1, 2014. A true and correct copy of the D&O Policy is attached hereto as Exhibit A. The D&O Policy has a limit of liability of $10,000,000, inclusive of Defense Expenses. Ex. A, Declarations, Items 2 and 3.

8. In pertinent part, the D&O Policy affords specified coverage to Medical Mutual for Loss resulting from a Claim first made against Medical Mutual during the Policy Period, or, if applicable, the Optional Extension Period, for a Wrongful Act. *Id.*, Management Liability and Company Reimbursement Coverage Part, Section I.(B).

9. The Insurance Company Errors and Omissions Endorsement in the D&O Policy provides, in pertinent part, that "[n]o coverage will be available … for Loss, including Defense Expenses, resulting from any Claim for … (b) any actual or alleged failure or refusal to pay or in the delay in payment of, benefits due or alleged to have been due under any Insurance Contract; [or] (c) any actual or alleged lack of good faith or unfair dealing in the handling of any claim or obligation under any Insurance Contract …." *Id.*, Endorsement No. 4 (referred to herein as the "Errors and Omissions Exclusion").

**B. The Thom Action**

10. This coverage litigation arises out of Medical Mutual's alleged bad faith failure to settle a claim. By seeking a determination as to coverage, Greenwich does not suggest that it believes that any of the allegations are true or that Medical Mutual has any liability whatsoever arising out of or related to the Thom Action.

11. On November 4, 2013, Arleen Thom ("Dr. Thom"), a policyholder of a medical malpractice liability policy issued by Medical Mutual, filed the complaint in the Thom Action (the "Complaint"). A true and correct copy of the Complaint is attached as Exhibit B. The Complaint names Medical Mutual as a defendant. Ex. B, ¶ 2.

12. The Complaint alleges that Stephen Nicholson, on behalf of his late wife Geraldine Nicholson, filed a medical malpractice action against Dr. Thom (the "Underlying Action") in which he claimed that Dr. Thom negligently failed to remove a surgical sponge from Mrs. Nicholson. *Id*., ¶¶ 13, 14.

13. The Complaint asserts that Dr. Thom's policy with Medical Mutual provided coverage for the Underlying Action with applicable policy limits of $1,000,000. *Id*., ¶ 15.

14. The Complaint alleges that, on April 24, 2009, November 4, 2009, March 16, 2010, and October 1, 2012, Medical Mutual rejected settlement offers by the Nicholson plaintiff totaling $1,000,000, $150,000, $500,000, and $500,000, respectively. *Id*., ¶¶ 28, 35, 49, 65.

15. The Complaint asserts that a North Carolina state trial court entered a judgment against Dr. Thom totaling $4,650,000, pre-judgment and post-judgment interest of 8%, and costs (the "Nicholson Judgment"). *Id*., ¶ 72.

16. The Complaint alleges that, as of November 4, 2013, the Nicholson Judgment against Dr. Thom totaled $6,680,000 plus costs. *Id*., ¶ 73.

17. The Complaint asserts a count against Medical Mutual for a bad faith refusal to settle in light of Medical Mutual's alleged refusal of multiple offers to settle the Underlying Action within Dr. Thom's policy limits. *Id*., ¶¶ 96-101.

18. In the Complaint, Dr. Thom seeks compensatory, punitive, and treble damages as well as attorneys' fees. *Id*., Jury Trial Demand.

19. Through a loss notice dated November 12, 2013, Medical Mutual tendered the Thom Action to Greenwich.

20. By letter dated January 27, 2014, Greenwich's sister company, Indian Harbor Insurance Company ("Indian Harbor") accepted coverage for the Thom Action subject to a reservation of rights under Insurance Company Professional Liability Policy ELU128426-13 issued to Medical Mutual for the period from January 1, 2013 to January 1, 2014 (the "E&O Policy"). However, Greenwich denied coverage for the Thom Action under the D&O Policy, citing the Errors and Omissions Exclusion.

21. By letter dated February 19, 2014, Medical Mutual asserted that the D&O Policy obligates Greenwich to defend Medical Mutual in the Thom Action and, potentially, to provide coverage for a future judgment or settlement in connection with the Thom Action.

## CONTROVERSY AND RIPENESS

22. As set forth above, Medical Mutual has tendered the Thom Action to Greenwich and requested that Greenwich provide coverage in connection with the Thom Action, including for Defense Expenses.

23. As set forth above, Greenwich has identified the Errors and Omissions Exclusion as a specific bar to coverage for the Thom Action.

24. As set forth above, Medical Mutual disputes Greenwich's coverage position.

25. The resolution of the coverage dispute described in this Complaint will determine Greenwich's obligations, if any, under the D&O Policy with respect to the pending Thom Action. This matter is therefore ripe for adjudication.

## COUNT I

## DECLARATORY JUDGMENT THAT THE ERRORS AND OMISSIONS EXCLUSION BARS COVERAGE

26. Greenwich incorporates by reference each of the allegations in paragraphs 1 through 25 of this Complaint.

27. As set forth above, the D&O Policy excludes from coverage "Loss, including Defense Expenses, resulting from any Claim for … (b) any actual or alleged failure or refusal to pay or in the delay in payment of, benefits due or alleged to have been due under any Insurance Contract; [or] (c) any actual or alleged lack of good faith or unfair dealing in the handling of any claim or obligation under any Insurance Contract." Ex. A, Endorsement No. 4.

28. The Thom Action and any Loss, including Defense Expenses, associated with the Thom Action results from Medical Mutual's alleged repeated, bad faith failure to settle the Underlying Action despite several opportunities to do so. *See, e.g.*, Ex. B, ¶ 99 ("The above-alleged conduct of Defendant Medical Mutual in refusing to settle the [Underlying Action] within Dr. Thom's policy limits despite multiple opportunities to do so was … in bad faith ….").

29. The Errors and Omissions Exclusion in the D&O Policy accordingly bars all coverage for the Thom Action under the D&O Policy, including with respect to any defense or indemnity obligation.

30. An actual and justiciable controversy exists between Greenwich and Defendant with respect to the application of the Errors and Omissions Exclusion in the D&O Policy to the Thom Action. Therefore, Greenwich requests that the Court declare that coverage for the Thom Action is barred by the Errors and Omissions Exclusion.

**OTHER POTENTIALLY APPLICABLE**
**COVERAGE DEFENSES**

Other terms and conditions of the D&O Policy may be implicated even if the Errors and Omissions Exclusion does not bar coverage for the Thom Action, including but not limited to the "Other Insurance" provision, which provides: "All Loss payable under this Policy will be specifically excess of, and will not contribute with, any other valid and collectible insurance, including but not limited to any insurance under which there is a duty to defend, unless such other insurance is specifically excess of this Policy. This Policy will not be subject to the terms of any other insurance policy." Ex. A, Section III.(E), as amended by Endorsement No. 23. Nothing in this Complaint should be construed as a waiver by Greenwich of any other coverage defenses under the D&O Policy. Greenwich reserves the right to raise all other terms and conditions of the D&O Policy as defenses to coverage as appropriate, as well as all rights under applicable law.

WHEREFORE, Greenwich requests that the Court enter a declaration and judgment in its favor:

A. Declaring that, for the reasons set forth in Count I, the Errors and Omissions Exclusion bars coverage for the Thom Action, including with respect to any defense or indemnity obligation;

B. Awarding Greenwich such additional declaratory and other relief as shall be found to be appropriate under the circumstances.

Respectfully submitted this the 23rd day of May, 2014.

NELSON MULLINS RILEY & SCARBOROUGH, LLP

By: /s/ Joseph W. Eason

Joseph W. Eason
N.C. State Bar No. 7699
joe.eason@nelsonmullins.com
4140 Parklake Avenue
GlenLake One, Suite 200
Raleigh, North Carolina 27612
Phone: (919) 877-3800
Facsimile: (919) 877-3799

*Counsel for Plaintiff Greenwich Insurance Company*

Of Counsel:

Daniel J. Standish
John E. Barry
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 974-1407 (facsimile)
dstandish@wileyrein.com
jbarry@wileyrein.com
*LR 83.1(e) Filings To Be Submitted*