UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **GREENWICH INSURANCE COMPANY,**<br>**Plaintiff,**<br>**v.**<br>**MEDICAL MUTUAL INSURANCE COMPANY OF NORTH CAROLINA,**<br>**Defendant.** | **NO. 5:14-CV-295**<br><br>**ANSWER AND COUNTERCLAIM** |

Defendant Medical Mutual Insurance Company of North Carolina ("Medical Mutual"), for its Answer to the Complaint of Plaintiff Greenwich Insurance Company ("Greenwich"), and its Counterclaim against Greenwich, states as follows:

## ANSWER

1. Paragraph 1 of the Complaint contains no allegations against Medical Mutual.

2. Medical Mutual admits the allegations of paragraph 2 of the Complaint.

3. Medical Mutual admits the allegations of paragraph 3 of the Complaint.

4. For its answer to paragraph 4 of the Complaint, Medical Mutual admits it is subject to personal jurisdiction in North Carolina.

5. Medical Mutual admits the allegations of paragraph 5 of the Complaint.

6. Medical Mutual admits the allegations of paragraph 6 of the Complaint, except that Medical Mutual denies that it issues insurance policies to hospitals.

7. For its answer to the allegations of paragraph 7 of the Complaint, Medical Mutual admits it purchased the referenced insurance policy from Greenwich, and states that the contents

of the insurance policy speak for themselves. (The subject insurance policy is hereinafter referred to as the "Greenwich Policy".)

8. For its answer to the allegations of paragraph 8 of the Complaint, Medical Mutual states that the contents of the Greenwich Policy speak for themselves.

9. For its answer to the allegations of paragraph 9 of the Complaint, Medical Mutual states that the contents of the Greenwich Policy speak for themselves.

10. For its answer to the allegations of paragraph 10 of the Complaint, Medical Mutual admits that this coverage action stems from Greenwich's unjustified refusal to defend Medical Mutual against the claims asserted in *Thom v. Medical Mutual Insurance Company of North Carolina*, Cumberland County Superior Court, Case No. 13-CVS-8513 (the "Thom Action").

11. Medical Mutual admits the allegations of paragraph 11 of the Complaint.

12. For its answer to the allegations of paragraph 12 of the Complaint, Medical Mutual states that the contents of the Complaint in the Thom Action speak for themselves.

13. For its answer to the allegations of paragraph 13 of the Complaint, Medical Mutual states that the contents of the Complaint in the Thom Action speak for themselves.

14. For its answer to the allegations of paragraph 14 of the Complaint, Medical Mutual states that the contents of the Complaint in the Thom Action speak for themselves.

15. For its answer to the allegations of paragraph 15 of the Complaint, Medical Mutual states that the contents of the Complaint in the Thom Action speak for themselves.

16. For its answer to the allegations of paragraph 16 of the Complaint, Medical Mutual states that the contents of the Complaint in the Thom Action speak for themselves.

17. For its answer to the allegations of paragraph 17 of the Complaint, Medical Mutual states that the contents of the Complaint in the Thom action speak for themselves.

18. For its answer to the allegations of paragraph 18 of the Complaint, medical Mutual states that the contents of the Complaint in the Thom Action speak for themselves.

19. Medical Mutual admits the allegations of paragraph 19 of the Complaint.

20. Medical Mutual admits the allegations of paragraph 20 of the Complaint.

21. Medical Mutual admits the allegations of paragraph 21 of the Complaint.

22. Medical Mutual admits the allegations of paragraph 22 of the Complaint.

23. For its answer to the allegations of paragraph 23 of the Complaint, Medical Mutual admits that Greenwich has relied on the Errors and Omissions Endorsement for its unjustified denial of coverage for the Thom Action.

24. For its answer to the allegations of paragraph 24 of the Complaint, Medical Mutual admits that it disputes Greenwich's coverage position, because said position conflicts with North Carolina law.

25. Medical Mutual admits the allegations of paragraph 25 of the Complaint.

26. Medical Mutual incorporates the contents of paragraphs 1 through 25 above.

27. For its answer to the allegations of paragraph 27 of the Complaint, Medical Mutual states that the contents of the Greenwich Policy speak for themselves.

28. For its answer to the allegations of paragraph 28 of the Complaint, Medical Mutual states that the contents of the Complaint in the Thom Action speak for themselves.

29. Medical Mutual denies the allegations of paragraph 29 of the Complaint.

30. For its answer to the allegations of paragraph 30 of the Complaint, Medical Mutual admits that this coverage dispute presents a justiciable controversy, subject to issuance of a declaratory judgment under 28 U.S.C. § 2201.

**DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.
2. The Complaint is barred by the doctrines of estoppel and waiver.

**COUNTERCLAIM**

Medical Mutual, for its Counterclaim against Greenwich, alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

3. Greenwich has submitted itself to personal jurisdiction by filing its Complaint herein.

**Facts**

4. Under a Physicians' and Surgeons' Professional Liability Insurance Policy, Medical Mutual insured Arleen Thom, M.D. for claims of medical malpractice, up to a coverage limit of $1,000,000.

5. On May 21, 2008, a medical malpractice lawsuit was filed against Dr. Thom: *Nicholson v. Thom*, Robeson County Superior Court, case No. 08-CVS-1845 (the "Nicholson Action").

6. Medical Mutual hired counsel to defend Dr. Thom in the Nicholson Action, and said defense counsel represented Dr. Thom continuously through trial. On October 12, 2012, the

jury returned a verdict in the Nicholson Action against Dr. Thom in the amount of $5,800,000. After deducting pre-trial settlement payments by other defendants, the Court in the Nicholson Action entered judgment against Dr. Thom in the amount of $4,650,000, plus prejudgment interest.

7. Because the amount of the judgment exceeded the $1,000,000 coverage Medical Mutual provided to Dr. Thom, she sued Medical Mutual on November 4, 2013: *Thom v. Medical Mutual Insurance Company of North Carolina*, Cumberland County Superior Court, case No. 13-CVS-8513 (the "Thom Action"). (The Complaint in the Thom Action is attached as Exhibit A.)

8. The Complaint in the Thom Action asserts claims for bad faith refusal to settle, breach of fiduciary duty, constructive fraud, intentional and/or negligent infliction of emotional distress, and unfair and deceptive trade practices.

9. The claims asserted in the Thom Action are based primarily on alleged acts and omissions by Medical Mutual and the counsel it hired to defend Dr. Thom in the Nicholson Action, including: (a) failure to adequately inform Dr. Thom concerning settlement proposals in the Nicholson Action; (b) failure to settle the Nicholson Action within the $1,000,000 limit of Dr. Thom's medical malpractice insurance; (c) failure to adequately inform Dr. Thom concerning the risk of a judgment in the Nicholson Action in excess of the $1,000,000 limit of her medical malpractice insurance; (d) failure to adequately inform Dr. Thom of the potential consequences to her of such an excess judgment in the Nicholson Action; and (e) failure to adequately inform Dr. Thom that her interests might have been partially in conflict with the interests of Medical Mutual, and of her right to engage independent counsel to represent her. (Exhibit A at ¶¶ 29, 53, 65.)

10. At the time the Thom Action was commenced, Medical Mutual was insured under Greenwich's Private Company Reimbursement Insurance Policy No. ELU128424 (the "Greenwich Policy"). (The Greenwich Policy is attached as Exhibit B.)

11. The Greenwich Policy provides coverage for claims asserted between January 1, 2013 and January 1, 2014, alleging that Medical Mutual engaged in "Wrongful Acts." (Exhibit B at Management Liability and Company Reimbursement Coverage Part, § I (B).) Greenwich's obligations include its duty to defend Medical Mutual against such claims, which includes Greenwich's obligation to pay Medical Mutual's attorneys' fees and other defense expenses, subject to the Greenwich Policy's $100,000 retention. (Exhibit B at General Terms and Conditions, § I.)

12. The Greenwich Policy broadly defines a "Wrongful Act" as "any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty by [Medical Mutual]." (Exhibit B at Management Liability and Company Reimbursement Coverage part, § II (E).)

13. Because the allegations and claims asserted in the Thom Action fall squarely within the coverage provided to Medical Mutual under the Greenwich Policy, on November 12, 2013, Medical Mutual timely notified Greenwich of the Thom Action, and requested that Greenwich fulfill its duty to defend Medical Mutual therein.

14. Medical Mutual unjustifiably refused to defend Medical Mutual in the Thom Action, in reliance on the Greenwich Policy's "Insurance Company Errors and Omissions Endorsement." Said Endorsement purports to exclude coverage for a "lack of good faith or unfair dealing in the handling of any claim or obligation under any Insurance Contract." (Exhibit B at Insurance Company Errors and Omissions Endorsement, § (2)(c).) The Greenwich Policy does not define "lack of good faith" or "unfair dealing."

15. On May 23, 2014, Greenwich filed this action, asking the Court to ratify its unjustified refusal to defend Medical Mutual in the form of a declaratory judgment.

16. Greenwich's unjustified refusal to honor its duty to defend Medical Mutual in the Thom Action creates an actual and justiciable controversy between Medical Mutual and Greenwich.

17. A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that Medical Mutual may establish its rights under the Greenwich Policy.

18. Accordingly, pursuant to 28 U.S.C. § 2201, Medical Mutual respectfully requests the Court to declare the rights of Medical Mutual, and determine and declare that Greenwich is obligated to defend Medical Mutual in the Thom Action.

WHEREFORE, Medical Mutual respectfully seeks a judgment by this Court as follows:

1. Dismiss the Complaint against Medical Mutual;

2. Pursuant to 28 U.S.C. § 2201, declare the rights of Medical Mutual, and determine and declare that Greenwich is obligated to defend Medical Mutual in the Thom Action;

3. For costs and attorneys' fees; and

4. For such other and further relief as is just and proper.

This 13th day of June, 2014.

/s/ R. Steven DeGeorge
R. Steven DeGeorge
N.C. Bar No. 20723

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: 704.377.8380
Facsimile: 704.373.3980
sdegeorge@rbh.com

Attorneys for Defendant
Medical Mutual Insurance
Company of North Carolina

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed and served the foregoing **ANSWER AND COUNTERCLAIM** with the Clerk of Court using the CM/ECF system, which shall send service copies to the following:

Joseph W. Eason, Esq.
NELSON MULLINS RILEY & SCARBOROUGH, LLP
4140 Parklake Avenue
GlenLake One, Suite 200
Raleigh, North Carolina 27612
joe.eason@nelsonmullins.com

This 13th day of June, 2014.

/s/ R. Steven DeGeorge
R. Steven DeGeorge